IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLARENCE ALLUMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:13-CV-158-WKW |
| ) | |
| KATHY HOLT, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Plaintiff's Complaint (Doc. 1) and Amended Complaint (Doc. 5), in which Plaintiff alleges constitutional violations and seeks damages pursuant to 42 U.S.C. § 1983.

Because Plaintiff is proceeding *in forma pauperis*, the court is obligated to undertake review of his Complaint and Amended Complaint pursuant to the provisions of 28 U.S.C. § 1915(e). The statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(I)-(iii).

Upon review of Plaintiff's Complaint and Amended Complaint, the applicable law, and for the reasons that follow, the undersigned RECOMMENDS that this case be DISMISSED.

**I.     BACKGROUND**

According to his Complaint and Amended Complaint, on July 6, 1992, Plaintiff received a twenty-year sentence for murder, with 432 days of jail credit towards his sentence. Plaintiff was released on parole on April 27, 1998. On October 14, 2006, Plaintiff was arrested in Pensacola, Florida, on charges of domestic violence. He was declared delinquent on his parole on November 27, 2006. Plaintiff was returned from Florida to the Alabama Department of Corrections on October 1, 2008. A parole revocation hearing was held on November 6, 2008 by the Board of Pardons and Paroles. Plaintiff's parole was reinstated on December 10, 2008. Plaintiff was subsequently arrested on December 11, 2008, declared delinquent on January 5, 2009, and his parole was revoked on February 2, 2009.

On July 7, 2009, Plaintiff filed a motion for writ of certiorari with the Montgomery County Circuit Court alleging a miscalculation of his release date. The Montgomery County Circuit Court converted Plaintiff's motion for certiorari into a motion for writ of *habeas corpus* and transferred the motion to Bibb County where Plaintiff was incarcerated at the time. The Alabama Department of Corrections, named as defendant in the motion, subsequently filed a motion for summary judgment. The Bibb County Circuit Court held a hearing on Plaintiff's motion for writ of *habeas corpus* and entered summary judgment in favor of the Alabama Department of Corrections on August 16, 2010.

Plaintiff appealed the entry of summary judgment with the Alabama Court of Criminal Appeals on August 30, 2010, and the court affirmed the entry of summary judgment on February 11, 2011. Plaintiff then filed an application for rehearing, which was overruled on

March 4, 2011.  A certificate of final judgment was issued on June 10, 2011.  Plaintiff petitioned the Alabama Supreme Court for review on June 10, 2011, which the court denied.

On June 23, 2011, Plaintiff filed a petition for writ of *habeas corpus* with this district court, Civil Case No. 2:11cv496-TMH-SRW, which is currently pending.

Plaintiff was released from custody on March 2, 2013 and filed the instant 42 U.S.C. § 1983 action on March 13, 2013, seeking $850,000 in damages.

## II. DISCUSSION

Plaintiff raises two claims pursuant to 42 U.S.C. § 1983: 1) denial of due process under the Fourteenth Amendment of the United States Constitution; and 2) False Imprisonment under Alabama law.  Plaintiff names Kathy Holt, Director of the Central Records Division for the Alabama Department of Corrections, in her individual capacity, as defendant in this action and seeks $850,000 in damages.

Plaintiff alleges a "violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution" due to his incarceration from May 23, 2011 to March 2, 2013, which he asserts was an "over-extension of his original sentence."  Am. Compl. (Doc. 5) at 1.  Plaintiff further contends that the "over-extension of his original sentence," constitutes false imprisonment.  *Id.*  Plaintiff alleges that his sentence expired "on or about May 23rd, 2011," yet he "was still incarcerated due to the fact that Kathy Holt working with central records, deprived [him] of credit for time served granted to [him] by the Alabama Board of Pardon and Paroles."  Compl. (Doc. 1) at 2-3.  According to Plaintiff, "Kathy Holt certified to the Bibb County trial court by hand computation a calculation of 'dead time' from

a delinquency date of November 27th, 2006, and did not credit the time that the Board (Parole) ordered his service on his sentence to begin from November 17th, 2006." Am. Compl. (Doc. 5) at 4. Plaintiff contends that "according to law, [his] sentence expired on or about May 23rd, 2011. I was not released until March 2nd, 2013. This 1 year and 9 months served was false imprisonment." Compl. (Doc. 1) at 3.

Plaintiff's claims go to the fundamental legality of his sentence and, therefore, provide no basis for relief in this Section 1983 action. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. The purpose of the "favorable termination" requirement under *Heck* is to "limit the opportunities for collateral attack on state court convictions because such collateral attacks undermine the finality of criminal proceedings and may create conflicting resolutions of issues." *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995).

Because Plaintiff essentially challenges the constitutionality of his period of incarceration, a judgment in his favor would necessarily imply the invalidity of his incarceration. It is clear from the face of the Complaint and Amended Complaint that the sentence and resulting confinement about which Plaintiff complains have not been invalidated in an appropriate proceeding. Thus, Plaintiff's claims are not cognizable under 42 U.S.C. § 1983. *See, e.g.*, *Christy v. Sheriff of Palm Beach Cnty., Fla.*, 288 F. App'x 658, 666 (11th Cir. 2008) (holding that the district court was correct to dismiss claims under *Heck* because if plaintiff prevailed on the claims, it would necessarily imply the invalidity of his conviction).

The *Heck* bar is applicable to Plaintiff's claims even though Plaintiff is no longer incarcerated and cannot seek *habeas corpus* relief. *See Heck*, 512 U.S. at 490 n.10 (writing for the majority, Justice Scalia noted that "the principle barring collateral attacks–a longstanding and deeply rooted feature of both the common law and our own jurisprudence–is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated."); *Vickers v. Donahue*, 137 F. App'x 285, 289 (11th Cir. 2005) (holding that "the *Heck* bar applies to [a plaintiff's] claim despite the unavailability of habeas relief" and noting that "Vickers was not without a remedy to seek post-revocation relief" and his claim "would imply the invalidity of the order of revocation and nine-month sentence he received."). *See also Christy*, 288 F. App'x at 666 (citing *Vickers*, the court held that "with respect to [plaintiff's] assertion that his lawsuit must be allowed to proceed because habeas relief is unavailable, we have expressly declined to consider that issue in an opinion where

the § 1983 action is otherwise barred under *Heck* [because it would necessarily undermine his underlying conviction].").

Moreover, Plaintiff had an adequate remedy at law because he could have pursued claims regarding the constitutionality of his sentence and any orders issued in the criminal case through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985). Indeed, Plaintiff did seek post-conviction relief at the state court level.[1] Other district courts in the Eleventh Circuit have found that where "plaintiff did seek post-conviction relief at the state level," the court "need not inquire as to whether Plaintiff has been deprived of a means of challenging his conviction and weigh whether there should be an exception to the *Heck* bar." *Baker v. City of Hollywood*, 2008 WL 2474665, at *7 (S.D. Fla. June 17, 2008); *see also Deters v. Alcott*, 2009 WL 3674674, at *3 (M.D. Fla. Nov. 3, 2009) (same). The court also notes that, in this case, Plaintiff did in fact seek *habeas corpus* relief as he currently has a petition for writ of *habeas corpus* pending in this court. *See* Civil Case No. 2:11cv496-TMH-SRW.

Because Plaintiff's conviction and/or sentence have not been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" his claims are barred by

---

[1] Plaintiff challenged the calculation of his release date on July 7, 2009. The Bibb County Circuit Court entered summary judgment against Plaintiff on August 16, 2010. Plaintiff appealed this decision with both the Alabama Court of Criminal Appeals, which affirmed the entry of summary judgment on February 11, 2011, and the Alabama Supreme Court, which denied review on June 10, 2011.
    Plaintiff did not seek federal review with the United States Supreme Court and instead filed the instant action in this federal district court. However, the *Rooker-Feldman* doctrine provides that "federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." *Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001).

*Heck* and his complaint is therefore due to be dismissed. 512 U.S. at 483-89. In light of the foregoing, the court concludes that Plaintiff's claims, which seek to challenge the legality of matters associated with his term of incarceration, are due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) because he "fails to state a claim on which relief may be granted."

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned that Plaintiff's Section 1983 claims be DISMISSED pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before **May 28, 2013**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33

(11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 13th day of May, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE